IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOHN ROBERT DAWLEARN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:18-cv-00035-M-BP |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Complaint (ECF No. 1) filed by John Robert Dawlearn on March 21, 2018. Chief United States District Judge Barbara M.G. Lynn preliminarily assigned the undersigned to this case pursuant to standing order. ECF No. 3. After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Chief Judge Lynn **DISMISS** Plaintiff's Complaint (ECF No. 1) **without prejudice**.

Plaintiff brings a suit for conspiracy to violate rights, conspiracy to deny fair trial, conspiracy to cover up crimes, conspiracy to deny convicting evidence, and lack of justice due to a claimed speedy trial violation. ECF No. 1 at 1. Plaintiff requests as damages $656,327,030,000.00, plus one billion dollars for each day past the thirtieth day he filed suit. *Id.* at 4. He also reserves a number of rights to himself as King of the Madagorda territories and claims over fifteen million acres of land across the United States. *Id.* at 5, 12.

Plaintiff brings his claims against "multiple judges here in Wichita Falls, Texas" and requests a change of venue outside of Texas or Oklahoma. *Id.* at 9. As Plaintiff was not clear concerning the names of the judges whom he sued, the facts underpinning his suit, or the nature of

1

the relief requested against the Defendants, the Court mailed a questionnaire to Plaintiff on June 4, 2018. ECF No. 7. The Court ordered Plaintiff to respond to the questionnaire by June 25, 2018. *Id.* at 1. Plaintiff did not respond. The Court then resent the questionnaire in an order titled "FINAL ORDER DIRECTING PLAINTIFF TO SUBMIT ANSWERS TO THE DISTRICT COURT'S QUESTIONNAIRE." ECF No. 8. The Court ordered Plaintiff to respond to the questionnaire by July 20, 2018, and explicitly warned Plaintiff: "Plaintiff is hereby put on notice that failure to comply with this order may result in the imposition of sanctions which may include a monetary assessment and/or dismissal of this lawsuit without further notice." *Id.* at 1. Plaintiff did not respond to this final order.

Federal Rule of Civil Procedure 41(b) allows the district court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. This authority flows from the Court's inherent power to manage its docket. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal with prejudice is an extreme sanction that should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.* Lesser sanctions "include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 442 (5th Cir. 2016) (citing *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013)).

In the case at bar, Plaintiff has failed to comply with the Court's orders. Even taking into

account that plaintiff is *pro se*, this clear record of delay and refusal to comply with court orders warrants dismissal. *See Benson v. Astrue*, No. 3:08-CV-1506-D, 2008 WL 5378179, at *3 (N.D. Tex. Dec. 23, 2008) (Fitzwater, J.) (adopting the findings, conclusions, and recommendation of the magistrate judge, who found "a clear record of delay and contumacious conduct" and recommended dismissal without prejudice where plaintiff twice failed to respond to court orders and filed no pleadings after his complaint). Under the circumstances, a dismissal of this lawsuit with prejudice would be warranted. *See Nottingham*, 837 F.3d at 442 (affirming a Rule 41(b) dismissal with prejudice where the magistrate judge had given multiple explicit warnings to the *pro se* plaintiff that failure to comply with court orders would result in sanctions or dismissal). However, in light of Plaintiff's apparent lack of understanding of Court rules and procedures, the undersigned recommends that Chief Judge Lynn dismiss this case without prejudice.

Accordingly, after considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Chief Judge Lynn **DISMISS** Plaintiff's Complaint (ECF No. 1) **without prejudice**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    Signed July 25, 2018.

                                                          _____
                                                          Hal R. Ray, Jr.
                                                          UNITED STATES MAGISTRATE JUDGE